IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DIVISION OF MISSOURI
EASTERN DISTRICT

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40721-399 |
| | ) | Judge Barry S. Schermer |
| EDWIN J. ALLEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **DEBTOR'S RESPONSE TO** |
| | ) | **TRUSTEE'S OBJECTION TO** |
| | ) | **SCHEDULE C: THE PROPERTY YOU** |
| | ) | **CLAIM AS EXEMPT** |

## DEBTOR'S RESPONSE TO TRUSTEE'S OBJECTION TO SCHEDULE C: THE PROPERTY YOU CLAIM AS EXEMPT

COMES NOW Debtor Edwin Allen, by and through the undersigned counsel, and for his Response to *Trustee's Objection to Schedule C: the Property You Claim as Exempt* [Doc. 91] (the "Objection") respectfully states as follows:

1. Debtor Edwin J. Allen ("Debtor") filed a Voluntary Petition for Relief under the provisions of Chapter 13 of Title 11 in the United States Bankruptcy Court for the Eastern District of Missouri, Eastern Division (the "Court") on February 8, 2019 (the "Petition Date").

2. On February 12, 2019 the Court entered its Order converting the Chapter 13 case to Chapter 7.

3. E. Rebecca Case is the duly appointed Chapter 7 Trustee of Debtor's bankruptcy estate.

4. On February 8, 2019, Debtor filed Schedule A/B: Property [Doc. 1] and listed, *inter alia*, the following assets:

    Schedule A/B 1.1    1152 Hilltop Blvd., St. Louis, MO 63132 (the "Real Property")
                                           Value: $30,000.00

5. On February 8, 2019, Debtor filed Schedule C: The Property You Claim as Exempt

[Doc. 1] and claimed the Real Property exempt in the amount of $15,000.00 pursuant to RSMo § 513.475.

6. On April 16, 2019, Debtor filed an amended Schedule C: The Property You Claim as Exempt [Doc. 31] and adjusted the exemption on the Real Property to the amount of $271.00 pursuant to RSMo § 513.430.1(3).

7. On October 16, 2019, Debtor filed an amended Schedule A/B: Property [Doc. 72] in order to update the valuation of the following asset:

> Schedule A/B 1.1    1152 Hilltop Blvd., St. Louis, MO 63132
> Value:  $36,000.00

8. On October 16, 2019, Debtor filed a second amended Schedule C: The Property You Claim as Exempt [Doc. 72] and adjusted the exemption on the Real Property to the amount of $15,271.00 pursuant to RSMo §§ 513.430.1(3) and 513.475

9. On February 11, 2020, Trustee sold the Real Property for the sum of $72,500.00, pursuant to Trustee's Report of Sale on 1152 Hilltop Drive, Olivette, Missouri 63132 filed on February 13, 2020 [Doc. 94].

10. In accordance with this Court's Order of January 14, 2020 [Doc. 85], Trustee segregated and held the total sum of $15,271.00 from the sale proceeds, representing Debtor's claimed exemptions in the Real Property.

11. On January 27, 2020, Trustee filed her Objection [Doc. 91] to the homestead exemption claimed by Debtor in the Real Property.

12. A hearing on Trustee's Objection is set before this Court on March 3, 2020 at 1:00 p.m.

13. As grounds for her Objection, Trustee argues that the homestead exemption shall not apply to the Real Property for the reason that such property was vacant on the Petition Date

with no structure on it, which she alleges runs contrary to the definition of "homestead" in Missouri which requires ownership plus occupancy. [Doc. 91 p. 8 ¶¶ 34–35]

14. Section 513.475 R.S.Mo. permits an exemption of "[t]he homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is *or shall be used* by such person as a homestead." (emphasis added) Section 513.475, R.S.Mo. 1982. Accordingly, the Missouri exemption statute contemplates the future use of the property as a homestead within the definition.

15. This Court has evaluated the future occupancy of real property under the homestead exemption statute and has concluded that where there is "a bona fide intention to make the premises a homestead or a permanent residence" the exemption will apply. *Matter of Crippen*, 367 B.R. 7, 8 (Bankr. E.D. 1983).

16. Debtor will testify at the hearing that he purchased the improved Real Property in approximately 1983 and lived there until such time as it was condemned by the City of Olivette and subsequently demolished.

17. Debtor will further testify that while the Real Property was unimproved on the Petition Date, he had every intention at such time to rebuild his residence and resume living there.

18. Pursuant to the decision in *Crippen*, this Court is thus tasked with evaluating the facts and Debtor's intent as existed on the Petition Date in order to determine whether a reasonable possibility existed that Debtor intended in the future to convert the Real Property to a permanent residence.

19. For all of the foregoing reasons, Debtor avers that he is entitled to the homestead exemption on the Real Property, and that accordingly the segregated funds held by Trustee in the

amount of $15,271.00 from the sale proceeds, representing Debtor's claimed exemptions in the Real Property, should be released to Debtor.

WHEREFORE, Debtor Edwin Allen respectfully prays this Court enter its Order as follows:

a. Denying the Objection filed by Trustee Rebecca Case to Debtor's homestead exemption;

b. Ordering Trustee to release to Debtor the sum of $15,271.00, representing Debtor's claimed exemptions in the Real Property; and

c. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

CARMODY MACDONALD P.C.

By: /s/ *Robert E. Eggmann*
ROBERT E. EGGMANN (#37374)
120 S. Central Avenue, Suite 1800
St. Louis, Missouri  63105
(314) 854-8600
(314) 854-8660 – FAX
ree@carmodymacdonald.com
ATTORNEY FOR DEBTOR EDWIN J. ALLEN

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing document was served by ECF electronic noticing on this 24th day of February, 2020, upon all parties entitled to notice.

 /s/ *Robert E. Eggmann*