DENIED
MOOT
Denied as moot pursuant to approved settlement.
Apr 10, 2020
BARRY S. SCHERMER
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 19-40721-399 |
| | ) | Judge Barry S. Schermer |
| EDWIN J. ALLEN, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | **TRUSTEE'S OBJECTION TO SCHEDULE C: THE PROPERTY YOU CLAIM AS EXEMPT** |
| | ) | |
| | ) | Hearing Date: March 3, 2020 |
| | ) | Hearing Time: 1:00 p. m. |
| | ) | Response Due: February 25, 2020 |
| | ) | |
| | ) | E. Rebecca Case |
| | ) | EDMO #38010MO, MoBar #38010 |
| | ) | Stone, Leyton & Gershman |
| | ) | A Professional Corporation |
| | ) | 7733 Forsyth Boulevard, Suite 500 |
| | ) | St. Louis, Missouri 63105 |
| | ) | (314) 721-7011 |
| | ) | (314) 721-8660 Facsimile |
| | ) | chapter7trustee@stoneleyton.com |

Chapter 7 Trustee, E. Rebecca Case ("Trustee Case") by and through her counsel, files this Objection to Schedule C: The Property You Claim as Exempt pursuant to 11 U.S.C. § 522 and Rule 4003 of the Federal Rules of Bankruptcy Procedure. In support of this Objection Trustee Case states as follows:

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri.

2. This is a "core" proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 157(b)(2)(A).

3. Debtor Edwin J. Allen ("Debtor") filed a Voluntary Chapter 13 Petition for Relief in the United States Bankruptcy Court for the Eastern District of Missouri (the "Bankruptcy Court") under the provisions of Chapter 13 of Title 11 on February 8, 2019. (Doc. No. 1)

4. That same day, on February 8, 2019, the Debtor filed a Motion to Convert his case from one under Chapter 13 of the Bankruptcy Code to one under Chapter 7 of the Bankruptcy Code. (Doc. No. 5)

5. On February 12, 2019 the Court entered its Order converting the Chapter 13 case to Chapter 7. (Doc. No. 12)

6. E. Rebecca Case ("Trustee Case") was appointed Chapter 7 Trustee in the Debtor's bankruptcy case and of Debtor's bankruptcy estate.

7. In conjunction with the filing of his bankruptcy case, the Debtor filed Schedules and a Statement of Financial Affairs under oath. (Doc. No. 1)

8. The Debtor filed Schedule A/B: Property and listed assets including but not limited to the following asset:

>  Schedule A/B 1.1  1152 Hilltop Blvd., St. Louis, MO 63132
>  (the "Real Property")
>  Value: $30,000.00

(Doc. No. 1 at 10).

9. The Debtor filed Schedule C: The Property You Claim as Exempt and claimed the Real Property exempt in the amount of $15,000.00 pursuant to RSMo § 513.475. (Doc. No. 1 at 16)

10. The Debtor filed Schedule I: Your Income, stated he was unemployed, that his monthly income consisted of $2,034.78 of pension or retirement, that $1,588.60 per month was deducted from his income for insurance, and that his monthly net income was $446.18. (Doc. No. 1 at 37-38)

11. The Debtor filed Schedule J: Your Expenses, stated that his monthly expenses totaled $700.33 and that his net monthly income was -$254.15 so that his expenses exceeded his income (Doc. No. 1 at 39-40). In other words, the Debtor represented he had no disposable income as of the Petition Date.

12. After testifying at the initial Meeting of Creditors that the structure on the Real Property was demolished in 2018, the Real Property was a vacant lot, and he resided with his wife at another address, the address listed on the Voluntary Petition, the Debtor filed an amended Schedule C: The Property You Claim as Exempt (Doc. No. 31) on April 16, 2019 and adjusted the exemption in the Real Property to the amount of $271.00 pursuant to R. S. Mo. § 513.430.1(3). (Doc. No. 33 at 9.)

13. On October 16, 2019, Debtor filed a second amended Schedule A/B: Property (Doc. No. 72) to update the Real Property "with the valuation obtained by debtor on 2/4/2019, 4 days prior to the filing of the petition," and listed the Real Property with a value of $36,000.00. (Doc. No. 72 at 3)

14. The Debtor also filed a second amended Schedule C: The Property You Claim as Exempt (Doc. No. 72) on October 16, 2019, seeking to adjust the exemption on the Real Property to the amount of $15,271.00 pursuant to RSMo § 513.430.1(3) and § 513.475. (Doc. No. 72 at 10)

15. The Memorandum Pursuant to Local Rules 1009 filed on October 16, 2019 stated *"Debtor owned and used said property as his primary residence from approximately 1981 through early 2018 when such property was demolished."* (Doc. No. 72)

16. Trustee Case, based on information obtained from the City of Olivette and cases filed in St. Louis County, denies that the Debtor occupied the house as his primary residence from 1981 through early 2018.

17. The City of Olivette's records beginning in 2009 establish that the structure on the Real Property was vacant in 2009, had inadequate electric service in 2009, had disconnected electric service in 2014, was blighted in 2014, was placed on the City of Olivette's vacant house registration in 2014, was declared a public nuisance in 2017 and was demolished in 2018.

18. The Debtor's income tax returns for 2016, 2017 and 2018 do not list the address of the Real Property as Debtor's address but instead list the address on the Voluntary Petition.

19. Trustee Case filed the Trustee's Motion to Approve Sale of Assets of the Estate Free and Clear of Liens, Encumbrances and Interests – Real Property Located at 1152 Hilltop Drive, Olivette, Missouri 63132 ("Trustee's Motion to Sell") (Doc. No. 57) and a Notice of Hearing with bidding instructions regarding the proposed sale of the Real Property (Doc. No. 58).

20. On October 3, 2019 the Debtor filed an Objection to the Trustee's Motion to Sell (Doc. No. 66).

21. On October 9, 2019, the Debtor proceeded to file his Motion to Reconvert and Notice of Hearing (Doc. No. 67)(the "Motion to Reconvert") seeking to convert his case from one under Chapter 7 of the Bankruptcy Code to one under Chapter 13 of the Bankruptcy Code.

22. On October 29, 2019 Trustee Case filed the Trustee's Objection to Debtor's Motion to Reconvert on grounds that the Debtor did not have an absolute right to conversion to Chapter 13 after a prior conversion, particularly where the Debtor sought to convert back to Chapter 13 in bad faith comprising an attempted abuse of the bankruptcy process. (Doc. No. 76)

23. The Motion to Reconvert was scheduled to be heard on November 6, 2019 but was continued at the request of the parties to December 5, 2019.

24. On the day of the continued hearing on the Motion to Reconvert, the Debtor filed a Notice of Competing Bid (Doc. No. 82) for the Real Property in the amount of $46,000.00, provided that the Debtor proposed to pay any sale price in part by a "credit bid" for $15,000.00, representing the amount of his claimed exemption in the Real Property. Pursuant to the terms of the Motion to Sell and the Notice of that Motion, that purported competing bid was filed out of time and failed to be on comparable terms and conditions as the Contract.

25. On December 5, 2019, the Court heard argument from the Trustee, as well as from counsel for the Debtor, 4M, and Rao/Midwest Vascular with regard to the Motion to Reconvert.

26. The Court continued the hearing on the Debtor's Motion to Reconvert from December 5, 2019 to January 7, 2020.

27. Trustee Case filed her Supplemental Objection to Debtor's Motion to Reconvert Debtor from Chapter 7 Case to Case Under Chapter 13 on January 7, 2020 (Doc. No. 83) (the "Supplemental Objection") prior to the hearing on the Debtor's Motion to Reconvert.

28. The Debtor appeared at the hearing on January 7, 2020 on the Debtor's Motion to Reconvert and, through counsel, represented to the Court that between August 2019 and December 2019 he had been employed on a part-time basis working approximately 15 hours per week as a cook earning approximately $1,000 per month. The Debtor also asserted through counsel at that time that he anticipated having an increase in income in 2020. However, the Debtor's filed Schedules show no anticipated change in income, the Debtor had not amended his

Schedules prior to the January 7, 2020 hearing and the Debtor did not provide any documentation or other proof of his income.

29. Because of the numerous issues regarding the accuracy of the Debtor's Schedules and Statement of Financial Affairs, the lack of a complete financial record in this matter, and concerns about the Debtor's testimony at the Meeting of Creditors in this matter, as well as at the request of Debtor's attorney due to scheduling conflicts, the Meeting of Creditors in the Debtor's Chapter 7 bankruptcy case has been continued multiple times from March 22, 2019 to February 21, 2020. As a result of these continuances, the Debtor's Meeting of Creditors has yet to be concluded and the deadline for parties, including Trustee Case, to object to the Debtor's exemption claims in the Real Property has yet to expire.

30. On January 14, 2020 the Order Denying Debtor's Motion to Reconvert Debtor's Chapter 7 Case to Case Under Chapter 13 was signed and entered (Doc. No. 84) and the Court's findings included:

> 35. …The record shows that the Real Property comprises a vacant lot with no structure on it as of the petition date in the Debtor's case or hearing in this matter…The Debtor has amended his exemption claims on that Property multiple times, but it remains unclear whether he is entitled to any exemption in that Property and the time for objection to those exemption claims has yet to expire…
> 37. The Debtor's Schedule I shows that the Debtor has $446.18 of gross income and negative net income; even with any increase in this amount as a resulf of employment or other income the Debtor's net income would not exceed approximately $745.85…
> 39. In contract, the Debtor's Schedules show insufficient regular and, thus, discretionary income, that the Debtor could use to fund a Chapter 13 plan in this matter. In order to put creditors in the same position in a Chapter 13 bankruptcy case as would occur after a sale of the Real Property under the Contract, the Debtor would need to pay in no less than approximately $72,500 to creditors under a Chapter 13 plan, which would require payments of over $1,420.00 per month for the maximum 51 months that would be remaining for a plan period. In light of the fact the Debtor's scheduled income was negative as of the petition date and the Debtor's claimed – albeit not documented – disposable income totals only $745.85

        per month, the Debtor lacks more than a de minimis ability to provide the performance that would be required in a Chapter 13 plan to put the Debtor's creditors in the same place as they would be if he remains in Chapter 7. On that basis, it appears that the Debtor could not propose a confirmable plan that would comply with the dictates of 11 U.S.C. §1325(a)(4).

40. Indeed, in order to put his creditors in the same place as they would be in a Chapter 7 bankruptcy case, the Debtor would have to sell the Real Property in any Chapter 13 bankruptcy case…

41. On this basis, the totality of the circumstances in this matter leads the Court to conclude that conversion would not further the efficient administration of the bankruptcy estate and would further an abuse of the bankruptcy process. It is in the best interest of creditors and the Debtor that this case remain in Chapter 7…

(Doc. No 84 at 8-9)

31. At the hearing on January 7, 2020 on the Trustee's Motion to Approve Sale, the Debtor through counsel requested that the Court order the Trustee to segregate from the total proceeds paid at closing and hold in a separate account the total sum of $15,271.00, representing the exemptions claims by Debtor with respect to the Real Property.

32. In the Order Approving Trustee's Motion to Approve Sale of Assets of the Estate Free and Clear of Liens, Encumbrances and Interests – Real Property Located at 1152 Hilltop Drive, Olivette, Missouri 63132 (Doc. No. 85) the Court ordered the following:

    4. The Trustee shall segregate from the total proceeds paid at closing and hold in a separate account the total sum of $15,271.00, representing the exemptions claims by Debtor with respect to the Property. Any issues on the Debtor's exemptions, including without limitation, any claims therefor or objections thereto shall be reserved for subsequent adjudication. (Doc. No. 85 at 5)

33. Section 513.475 of the Missouri Statutes provides:

1. The homestead of every person, consisting of a dwelling house and appurtenances, and the land used in connection therewith, not exceeding the value of fifteen thousand dollars, which is or shall be used by such person as a homestead, shall, together with the rents, issues and products thereof, be exempt from attachment and execution. The exemption allowed under this section shall not be allowed for more than one owner of any homestead if one owner claims the

entire amount allowed under this subsection; but, if more than one owner of any homestead claims an exemption under this section, the exemption allowed to each of such owners shall not exceed, in the aggregate, the total exemption allowed under this subsection as to any one homestead.

2. Either spouse separately shall be debarred from and incapable of selling, mortgaging or alienating the homestead in any manner whatever, and every such sale, mortgage or alienation is hereby declared null and void; provided, however, that nothing herein contained shall be so construed as to prevent the husband and wife from jointly conveying, mortgaging, alienating or in any other manner disposing of such homestead, or any part thereof.

34. The definition of a homestead in Missouri is ownership plus occupancy. In re Dennison, 129 B.R. 609 (Bankr. E. Mo. 1991).

35. The Debtor owns the Real Property but does not occupy the Real Property because as the Court has previously noted, the Real Property is a vacant lot with no structure on it. (Doc. No. 85, paragraph 35, at 8)

36. Dennison makes it clear that if a debtor does not occupy the real property that is being claimed as exempt, a debtor must show intent to occupy the property and an ability to control or strongly influence the time of occupation. See id. at 611.

37. Intent to occupy requires both a declaration of intent and overt acts that support the intention. See id. at 611.

38. The Debtor in this case does not have the ability to control or strongly influence the time of occupation.

39. Dennison states the Debtor must prove that a change in the land is practicable and physically and financially feasible. See id. at 611.

40. On the date this case was filed the Debtor did not and at this time, still does not have the present financial ability to build a structure on the Real Property.

41. On January 21, 2020, the Debtor did not appear and bid on the Real Property pursuant to the bidding instructions in the Order Approving Trustee's Motion to Approve Sale of

Assets of the Estate Free and Clear of Liens, Encumbrances and Interests – Real Property Located at 1152 Hilltop Drive, Olivette, Missouri 63132 (Doc. No. 85).

WHEREFORE, Trustee Case respectfully requests, after notice and hearing, that this Court sustain the Trustee's Objection to Schedule C: The Property You Claim as Exempt; deny the $15,000.00 exemption claimed by the Debtor pursuant to RSMo § 513.475; grant the $271.00 exemption claimed by the Debtor pursuant to RSMo § 513.430.1(3) and order Trustee Case to pay $271.00 to Debtor; and for such other and further relief this Court deems just and proper.

Respectfully submitted,

STONE, LEYTON & GERSHMAN
A Professional Corporation

By:   /s/E. Rebecca Case
E. Rebecca Case
EDMO #38010MO, MoBar #38010
7733 Forsyth Boulevard, Suite 500
St. Louis, Missouri 63105
(314) 721-7011
(314) 721-8660 Facsimile
chapter7trustee@stoneleyton.com

*Chapter 7 Trustee*

## **CERTIFICATE OF SERVICE**

    I certify that a true and correct copy of the foregoing document was filed electronically on January 27, 2020 with the United States Bankruptcy Court, and has been served on the parties in interest via email by the Court's CM/ECF System as listed on the Court's Electronic Mail Notice List.

    I certify that a true and correct copy of the foregoing document was filed electronically with the United States Bankruptcy Court, and has been served by Regular United States Mail Service, first class, postage fully pre-paid, addressed to those parties listed below on January 27, 2020:

1. Edwin J. Allen                Debtor
   P. O. Box 37014
   St. Louis, Missouri 63141

/s/ E. Rebecca Case
E. Rebecca Case